IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,058-01






EX PARTE MICHAEL EDWARD MCCASLAND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F38973A IN THE 18TH DISTRICT COURT


FROM JOHNSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four counts of
sexual assault, four counts of indecency with a child, and four counts of possession of child
pornography. He was sentenced to twenty years' imprisonment on four counts, to fifteen years on
four counts, and to ten years on four counts, all of which are to be served consecutively. The Tenth
Court of Appeals affirmed his conviction. McCasland v. State, No. 10-05-432-CR (Tex. App. -
Waco, delivered February 28, 2007, pet ref'd.) 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he did not call several witnesses who would have discredited the testimony of one of the
complainants, whose testimony constituted the primary evidence for several of these counts. 
Applicant submitted several affidavits in support of these allegations, and trial counsel submitted
an affidavit which refuted several of them. The trial court signed an order concluding that there were
no controverted, previously unresolved issues of fact material to the legality of the Applicant's
confinement, but the conflicting affidavits do not support that conclusion. This record contains a
portion of proposed findings of fact, but those findings are not signed.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for making findings of fact. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), including conducting
an evidentiary hearing, relying on previously submitted affidavits, or obtaining additional affidavits. 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Those findings shall include a brief summary of the evidence presented at trial, a summary of what
testimony could have been presented at trial but was not, if any, and conclusions of whether counsel
was ineffective in failing to present that evidence and whether presentation of any such evidence
might have resulted in different verdicts. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 29, 2009

Do not publish